21 F.3d 1112
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rudra DATTA, aka Rudra Sharma, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-70454.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 8, 1994.
Decided April 5, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The parties are familiar with the facts so we need not state them here.
 
 DISCUSSION
 
 3
 A. Denial of Asylum.
 
 
 4
 A well-founded fear of persecution has both objective and subjective components. Cardoza-Fonseca v. INS, 767 F.2d 1448, 1452-53 (9th Cir.1985), aff'd 480 U.S. 421 (1987). The BIA upheld the immigration judge's conclusion that Datta did not have an objective basis for his fear of persecution. In addition to considering the State Department's Advisory Opinion, the immigration judge also considered that Datta's testimony indicated a lack of familiarity with the present government and realities in Fiji. The BIA agreed with the immigration judge's analysis. The evidence presented was not so compelling that no reasonable fact-finder could fail to find the requisite fear of persecution. See INS v. Elias-Zacarias, 112 S.Ct. 812, 815, 817 (1992).
 
 
 5
 Since Datta could not demonstrate the requisite fear of persecution required for asylum, it follows that he cannot meet the more stringent standard for withholding of deportation. See De Valle v. INS, 901 F.2d 787, 793 (9th Cir.1990).
 
 
 6
 B. Voluntary Departure.
 
 
 7
 The immigration judge denied voluntary departure on the discretionary basis that Datta's marriage was not bona fide. The BIA reviewed that decision and agreed with it. The BIA also held that Datta lacked the statutory requirement of good moral character based on the letter from his ex-wife in Fiji, the fact that he had entered into an adulterous relationship after marrying his first United States wife, and the statement that he had married her only in order to become a U.S. citizen.
 
 
 8
 In order for its discretionary decision to be upheld, the BIA "need only support its conclusion with a reasoned explanation based on legitimate concerns." Abedini v. INS, 971 F.2d 188, 193 (9th Cir.1992) (internal quotation omitted). The BIA's explanation of its holding meets the requirements of Abedini.
 
 
 9
 Petition for Review DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3